UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DELROY ESPINOZA,

          Plaintiff,

    v.

JENNY WONG,

          Defendant.

Case No. 24-cv-06427-JST

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING AS MOOT REQUEST TO FILE COMPLAINT BY MAIL**

Re: ECF No. 8

       Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against PBSP doctor Jenny Hwang.  Now before the Court for review pursuant to 28 U.S.C. § 1915A is Plaintiff's complaint, ECF No. 9; and Plaintiff's request to file his complaint by mail, ECF No. 8.  Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### A.    Standard of Review

       A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

1   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

2   grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

3   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

4   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

5   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

6   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

7   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a

8   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

9   violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

10  U.S. 42, 48 (1988).

11  **B.    Complaint**

12          The complaint sues Pelican Bay State Prison doctor Jenny Hwang, alleging that she

13  provided inadequate medical care. ECF No. 9 at 2-3. The complaint states that Plaintiff was seen

14  by defendant Hwang via Zoom on July 11, 2024. *Id.* Plaintiff feels that defendant Hwang

15  "categorized [him] with discriminatory remarks" and demonstrated prejudice against him. *Id.*

16  Defendant Hwang "seem[ed] to be very derogatory" when Plaintiff expressed concern regarding

17  his weight and lack of energy, and also insinuated that Plaintiff smokes, even though he told her

18  that he "never smoked a day in [his] life." *Id.* Although Plaintiff had subsequent medical

19  appointments on August 1, August 8, and August 27, his issues have not been addressed, and it

20  feels like Plaintiff's treatment and "future plans" are "being delayed." *Id.* Plaintiff believes that

21  the failure to address his issues are likely due to defendant Hwang's negligence or "whatever notes

22  she applied to [his] records." *Id.* Plaintiff requests the following relief: that his primary care be

23  handled by a different doctor than defendant Hwang, and that he receive "declaratory damages,"

24  "injunctive damages," attorney's fees, and over $25,000 in compensatory damages. *Id.*

25  **C.    Dismissal with Leave to Amend**

26          The Court DISMISSES the complaint with leave to amend because Plaintiff has not

27  alleged any violation of federal law or the federal Constitution, as required for federal question

28  jurisdiction and to state a claim under 42 U.S.C. § 1983.

1    It appears that Plaintiff may be attempting to either (1) state an Eighth Amendment claim

2    for deliberate indifference to his serious medical needs, or (2) seek relief for defendant Hwang's

3    allegedly discriminatory or derogatory comments.

4        The Eighth Amendment prohibits correctional officials from being deliberately indifferent

5    to prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A

6    determination of "deliberate indifference" involves an examination of two elements: the

7    seriousness of the prisoner's medical need and the nature of the defendant's response to that need.

8    *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds*

9    *by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious"

10   medical need exists if the failure to treat a prisoner's condition could result in further significant

11   injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing

12   *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner

13   faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps

14   to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "A difference of opinion between a

15   prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983

16   claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of

17   nothing more than a difference of medical opinion as to the need to pursue one course of treatment

18   over another is insufficient, as a matter of law, to establish deliberate indifference. *See Toguchi v.*

19   *Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004). A claim of medical malpractice or negligence is

20   insufficient to make out a violation of the Eighth Amendment. *Id.* at 1060-61.

21       The complaint fails to state an Eighth Amendment claim against defendant Hwang for the

22   following reasons. First, it is unclear what Plaintiff's medical need is, and how it constitutes a

23   serious medical need within the meaning of the Eighth Amendment. Plaintiff states that he is

24   concerned about his weight and energy, but those statements are insufficient to establish a medical

25   need. Second, it is unclear what medical treatment is needed to resolve Plaintiff's concerns.

26   Third, it is unclear who denied, or is refusing to provide, the needed medical treatment. Fourth, it

27   is unclear how defendant Hwang's notes relate to the alleged denial of treatment.

28       The complaint's allegation that defendant Hwang made discriminatory and derogatory

United States District Court
Northern District of California

1  remarks to Plaintiff also fails to state a claim for relief.  Allegations of verbal harassment and

2  abuse fail to state a cognizable claim under 42 U.S.C. § 1983.  *See Freeman v. Arpaio*, 125 F.3d

3  732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878,

4  884-85 (9th Cir. 2008).  This is so even if the verbal harassment is racially motivated.  *See*

5  *Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) *overruled on other grounds by Sandin v.*

6  *Conner*, 515 U.S. 472 (1995) (federal court cannot order guards to refrain from using racial slurs

7  to harass prisoners).  On the other hand, harassment coupled with conduct implicating the Eighth

8  Amendment's proscription against cruel and unusual punishment can sometimes constitute a

9  cognizable claim under § 1983.  *See, e.g., Franklin v. Oregon*, 662 F.2d 1337, 1344-45 (9th Cir.

10  1981) (harassment with regards to medical problems cognizable if it constitutes deliberate

11  indifference).  For verbal harassment to implicate the Eighth Amendment's prohibition against

12  deliberate indifference to an inmate's serious medical needs, however, there must be a substantial

13  connection between the harassment and the deliberate indifference to an inmate's serious medical

14  needs.  *Id.*

15       Because it appears that Plaintiff could correct the above deficiencies, the Court

16  DISMISSES the complaint with leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th

17  Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading

18  was made, unless it determines that the pleading could not possibly be cured by the allegation of

19  other facts") (citation and internal quotation marks omitted).

**CONCLUSION**

20       For the foregoing reasons, the Court ORDERS as follows.

21       1.     The Court DENIES as moot Plaintiff's request to file his complaint by mail.  ECF

22  No. 8.  Plaintiff filed his complaint by electronic mail as required by N.D. Cal. General Order 76.

23  *See* ECF No. 9.

24       2.     The Court DISMISSES the complaint with leave to amend.  Within twenty-eight

25  (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the

26  identified deficiencies.  The amended complaint must include the caption and civil case number

27  used in this order, Case No. 24-cv-06427 JST (PR) and the words "AMENDED COMPLAINT"

4

on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

This order terminates ECF No. 8.

**IT IS SO ORDERED.**

Dated:  March 5, 2025



_____
JON S. TIGAR
United States District Judge